1          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF TEXAS
2             MIDLAND-ODESSA DIVISION

3   UNITED STATES OF AMERICA ) Docket No. MO 21-CR-187(6) DC
                             )
4   vs.                      ) Midland, Texas
                             )
5   ASHLEY BENSON            ) August 11, 2021

6

7          TRANSCRIPT OF REARRAIGNMENT/PLEA
        BEFORE THE HONORABLE RONALD C. GRIFFIN

8

9   APPEARANCES:

10  For the United States:    Mr. John A. Fedock
                              Assistant U.S. Attorney
11                            400 West Illinois Avenue,
                              Suite 1200
12                            Midland, Texas 79701

13

14  For the Defendant:        Mr. Robert V. Garcia, Jr.
                              413 North Texas Avenue
15                            Odessa, Texas 79761

16

17  Transcriber:              Ms. Lily Iva Reznik, CRR, RMR
                              501 West 5th Street, Suite 4153
18                            Austin, Texas 78701
                              (512)391-8792
19

20

21

22

23

24

25  Proceedings reported by digital sound recording,
    transcript produced by computer aided-transcription.

```
 1            (Proceedings commence at 10:05 a.m.)

 2            THE CLERK:  Court calls:  Midland 21-CR-187,

 3   United States of America vs. Ashley Benson.

 4            MR. FEDOCK:  John Fedock on behalf of the United

 5   States.

 6            MR. GARCIA:  Good morning, your Honor.

 7            Bob Garcia on behalf of Ms. Benson.  We're

 8   present and ready.

 9            THE COURT:  All right.  Good morning, everyone.

10            Good morning, Ms. Benson.

11            THE DEFENDANT:  Good morning.

12            THE COURT:  Can you hear me okay?

13            THE DEFENDANT:  Yes, sir.

14            THE COURT:  Okay.  So, Ms. Benson, if you'll

15   raise your right hand, they're going to get you sworn in

16   here, this courtroom deputy is, and then, we'll get

17   started on your guilty plea, okay?

18            THE DEFENDANT:  Okay.  Yes, sir.

19            THE CLERK:  Do you solemnly swear that the

20   statements which you may give in this case now before the

21   Court shall be the truth, the whole truth, and nothing but

22   the truth, so help you God?

23            THE DEFENDANT:  Yes, ma'am.

24            THE COURT:  You can put your hand down.

25            Ms. Benson, is your true and correct name Ashley
```

1  Benson?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Let me pull this up and make sure I'm

4  on the right -- there we go.  Okay.  All right.  There you

5  are.  All right.

6          And, Mr. Garcia, do you believe that Ms. Benson

7  is competent to enter a guilty plea this morning?

8          MR. GARCIA:  I do, your Honor.

9          THE COURT:  Mr. Fedock, does the government have

10  any information regarding Ms. Benson's competency?

11          MR. FEDOCK:  No, your Honor.

12          THE COURT:  Thank you.

13          Ms. Benson, do you have any sort of a condition

14  or take any medication that might affect your ability to

15  understand what we're doing today?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Okay.  So what I'm going to do this

18  morning, we're going to go over a number of things.  I'm

19  going to talk to you about the indictment and the charge

20  that you're pleading guilty to.  First, I'm going to talk

21  to you about the plea paperwork we've got up here.  I'm

22  going to talk to you about parts of it.  And then, we'll

23  talk about the charge.  We'll go over any issues with

24  that.  We'll talk about that.  Then I'm going to go over

25  some rights you have, and some rights you're going to give

1  up, by pleading guilty.  There's going to be some more

2  rights you're giving up, as well, because of the plea

3  paperwork, and we'll talk about all that.

4         THE DEFENDANT:  Okay.  Yes, sir.

5         THE COURT:  We're going to go over the statutory

6  penalty that goes along with the charge.  I want you to

7  understand from a statutory perspective what it is.  We'll

8  talk about how the sentencing guidelines work.  And there

9  will be some other things we go over, okay?

10         In at any point you don't understand something,

11  or you need me to clarify something, let me know so I'll

12  know that I need to do it, and that way, I can reword or

13  rephrase it, okay?

14         THE DEFENDANT:  Okay.  Yes, sir.

15         THE COURT:  If you need to talk to Mr. Garcia

16  about anything, you just have to let me know, and that way

17  I can stop the proceeding, I'll turn off the microphone

18  and I'll let you talk to him as many times as you need,

19  okay?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  You need to speak up for me, too,

22  okay?

23         THE DEFENDANT:  Okay.  Yes, sir.

24         THE COURT:  For two reasons.  One, I can't hear

25  very well, and then, number two, it helps me get a good

1 record on the recording for you.  This is all being

2 digitally recorded, so I'll need to make sure we've got a

3 good recording for you, okay?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  All right.  You're under oath, so if

6 you say -- you need to be truthful, okay?  If you tell me

7 something that's not true, you could be prosecuted for a

8 separate crime of perjury.

9    Do you understand?

10    THE DEFENDANT:  Yes, sir.

11    THE COURT:  You're entering a guilty plea to a

12 felony -- let me see, you're just in one count.  Is that

13 right?  No.  You're in Count -- so what is this -- are you

14 pleading to Count 1 or Count 1 and 5?

15    What's the deal with the agreement, Mr. Garcia?

16    MR. GARCIA:  Your Honor, we're pleading to -- the

17 plea agreement sets out a plea to both counts.

18    THE COURT:  Both counts?  Okay.  Here we go.  All

19 right.  So it's going to be Count 1.  And I'm saying this

20 for my benefit so in a minute, whenever I take your plea,

21 I remember to say both counts and so my law clerk hears

22 it, back there in his office, because he's typing up the

23 plea recommendation that I have to do.

24    So you're charged in Count 1 and Count.

25    MR. GARCIA:  Five.

1    THE COURT:  Six.  Five?  Five.  Count 5.  You're

2  Defendant No. 6.  So Count 1 and Count 5.

3    All right.  So both of those are felonies, and

4  because of that, you have a right to have a United States

5  District Judge take your guilty plea.  I'm a United States

6  Magistrate Judge.  I can take your guilty plea if you

7  consent to it.  I'm not going to sentence you.  You're

8  going to be sentenced by the district judge, but I can

9  take your plea.

10    Do you understand that?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  You signed a form, a consent form for

13  me to take your plea, correct?

14    THE DEFENDANT:  Yes, sir.

15    THE COURT:  Do you want me to take your guilty

16  plea?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  Okay.  The Court's going to accept

19  that written Consent to the Administration of a Guilty

20  Plea By a Magistrate Judge, and I'll take your plea.

21    Ms. Benson, have you had sufficient time -- I

22  know you retained Mr. Garcia.  Have you had sufficient

23  time to go over with him your case, these two charges

24  you're facing in the indictment, what all's involved as

25  far as the elements of the offenses, if there are any

1  defenses?  Have you had a chance to talk to him about

2  those things?

3         THE DEFENDANT:  Yes, sir.

4         THE COURT:  Okay.  Mr. Garcia, are you satisfied

5  you've had sufficient time to fully discuss with Ms.

6  Benson her case, including defenses?

7         MR. GARCIA:  I have, your Honor.

8         THE COURT:  Any trouble communicating with Ms.

9  Benson?

10        MR. GARCIA:  No.

11        THE COURT:  And do you believe that Ms. Benson

12 possesses a factual as well as a rational understanding of

13 the proceedings against her?

14        MR. GARCIA:  I believe she does.

15        THE COURT:  And she is has elected to proceed by

16 way of a written plea agreement, correct?

17        MR. GARCIA:  That is correct.

18        THE COURT:  So all formal plea offers have been

19 conveyed to Ms. Benson.

20        MR. GARCIA:  Correct.

21        THE COURT:  All right.  Ms. Benson, are you

22 satisfied with your lawyer, the representation you've

23 received from your lawyer?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  Okay.  Good.  Let's talk about this

1  plea paperwork for one second.  So there's two sets of

2  documents here.  Collectively, this is the plea paperwork.

3  There's a plea agreement and there's a sealed addendum.

4  It looks like you've signed off on both sets of documents

5  as well as your lawyer and the government's lawyer,

6  correct?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Did you have a chance to review this

9  paperwork with Mr. Garcia?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Did you read this yourself, did Mr.

12  Garcia read it to you, or was it a little bit of both?

13          THE DEFENDANT:  A little bit of both, sir.

14          THE COURT:  Okay.  That's usually the way it

15  works, a little bit of both.

16          So were you able to ask questions about these

17  documents?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Did Mr. Garcia answer those questions

20  to your satisfaction?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.  Are you satisfied -- I

23  know you're not going to remember every word in here.

24          THE DEFENDANT:  Uh-huh.

25          THE COURT:  Or every sentence or every paragraph,

1 but do you have a pretty good understanding of what is

2 contained in the paperwork?

3      THE DEFENDANT:  Yes, sir.

4      THE COURT:  Do you agree with those terms?

5      THE DEFENDANT:  Yes, sir.

6      THE COURT:  Okay.  Very good.  I'm going to come

7 back and talk to you about some of that in just a minute.

8 A little bit later.

9      You are charged by way of an indictment.  We were

10 just talking about that.  You're charged in two counts,

11 Count 1 and Count 5 of the indictment.

12      Have you seen the indictment at some point, Ms.

13 Benson?

14      THE DEFENDANT:  Yes, sir.

15      THE COURT:  Okay.  What I'm going to do now is,

16 I'm going to go over those charges with you.  I'm going to

17 skip -- I'm not going to go through Counts 2, 3, 4 because

18 you're not in those and you're not pleading guilty to

19 those.  I'm just going to go over Count 1 and Count 5 with

20 you, okay?  Do you understand?

21      THE DEFENDANT:  Yes, sir.

22      THE COURT:  All right.  In Count 1, the grand

23 jury charges -- this indictment was returned on June 23rd,

24 2021.

25      In Count 1, the grand jury charges that beginning

1  on or about June 1st, 2020, and continuing until June 2nd,

2  2021, in the Western District of Texas, and elsewhere the

3  defendants, and then, they're listed there, Dustin Lee

4  Harris, Steven Robert Westfall, Timothy Galen Tolbert,

5  Brandon Shane Wooten, Robert Dillion Kennedy, Ashley

6  Benson, and Ruben Cuellar, did combine, conspire,

7  confederate, and agree with each other, and with others

8  known and unknown, to possess with intent to distribute

9  and distribute a controlled substance, which offense

10 involved 50 grams or more of actual methamphetamine,

11 contrary to Title 21, United States Code, Sections

12 841(a)(1) and 841(b)(1)(A), in violation of Title 21,

13 United States Code, Section 846.

14         Do you understand that charge?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Then in Count 5 -- I'm going to skip

17 2, 3 and 4.

18         In Count 5, the grand jury charges that on or

19 about May 6th, 2021, in the Western District of Texas, the

20 Defendants Ashley Benson and Ruben Cuellar knowing -- did

21 knowingly possess a firearm, to-wit: a Ruger LCP,

22 semiautomatic pistol, in furtherance of the

23 drug-trafficking crime charged in Count 1 in this

24 indictment, realleged herein, in violation of Title 18,

25 United States Code, Section 924(c)(1).

1        Do you understand that charge?

2        THE DEFENDANT:  Yes, sir.

3        THE COURT:  Okay.  And then, there's also a

4   provision in the indictment, a forfeiture provision.

5   Under the applicable statutes and Rules of Criminal

6   Procedure, the government is setting forth its intent for

7   forfeiture of certain property.  It's specifically looking

8   at -- it's any property constituting, or derived from, the

9   proceeds, directly or indirectly, from the violation of

10  law, and any property used, or intended to be used, in any

11  manner or part, to commit or facilitate the commission of

12  the violation.  And it's specifically talking about this

13  weapon or any weapons or any ammunition in the statute.

14  Of course, I think that the statute also has other weapons

15  on other counts.

16       So that forfeiture, to the extent it's applicable

17  to you, would be for those things.

18       Do you understand that?

19       THE DEFENDANT:  Yes, sir.

20       THE COURT:  Okay.  Is there something, Mr.

21  Fedock, you want to bring up?

22       MR. FEDOCK:  Yes, your Honor.

23       In the plea agreement, on page 2 in the table

24  laying out the penalty range, it mentions that forfeiture

25  as set forth in the forfeiture section below, and that's

1  actually a typo for her.  That applies to a different

2  defendant.  But in her case, the forfeiture doesn't apply.

3        THE COURT:  There's no forfeiture?

4        MR. FEDOCK:  No.  Correct.

5        THE COURT:  So you don't want the gun?

6        MR. FEDOCK:  No.  I talked to Monica and she said

7  that they were only forfeiting on one of the other

8  defendants.

9        THE COURT:  Okay.  So -- okay.  Is there a

10 forfeiture provision in the plea agreement?

11        MR. GARCIA:  No, your Honor.

12        THE COURT:  There's not?  Okay.

13        Do you understand those charges in the

14 indictment, Ms. Benson?

15        THE DEFENDANT:  Yes.  Yes, sir.

16        THE COURT:  Okay.  You have a right to plead not

17 guilty to those two charges in that indictment and demand

18 a trial.

19        Do you understand you have that right?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  Okay.  Knowing you have that right,

22 is it still your desire to plead guilty to the charge this

23 morning -- the charges this morning?  You want to plead

24 guilty?

25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  Okay.  What I'm saying is, you

2   understand you have a right to plead not guilty and demand

3   a trial.

4          THE DEFENDANT:  Yes.

5          THE COURT:  Knowing you have that right, you

6   still want to plead guilty.

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Okay.  Are you a citizen of the

9   United States?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Under the Constitution and laws of

12   the United States, you have a right to a trial by jury and

13   the assistance of an attorney at that trial and every

14   other stage of the proceeding against you.  At the trial,

15   you would have a right to confront and cross-examine the

16   government's witnesses.  You have a right to compel the

17   attendance of your own witnesses.  You have a right to

18   present evidence on your own behalf.

19          You're presumed to be innocent.  The government

20   is required to prove your guilt beyond a reasonable doubt

21   before you could be found guilty.  You have a right to

22   testify.  If you wanted to take the witness stand and

23   testify, you could do that, but no one can compel you or

24   make you testify.  And if you choose not to testify, that

25   fact cannot be used against you.

1     Do you understand these rights, Ms. Benson?

2     THE DEFENDANT:  Yes, sir.

3     THE COURT:  If you plead guilty this morning,

4  you're going to give up those rights, except for the right

5  to counsel.  Now, you've got retained counsel.  You're

6  going to have a lawyer represent you here on out

7  throughout the remainder of your case, which is going to

8  be a sentencing after today.  And even if it has to be

9  court-appointed counsel, you will have counsel that

10  represents you throughout the remainder of your

11  proceedings.

12     However, you will give up the trial and the

13  rights associated to that charge trial that I just went

14  over with you.

15     Do you understand?

16     THE DEFENDANT:  Yes, sir.

17     THE COURT:  Okay.  Do you agree to give up those

18  rights in order to plead guilty to the charge we've gone

19  over?

20     THE DEFENDANT:  Yes, sir.

21     THE COURT:  And are you pleading guilty because

22  you are guilty and for no other reason?

23     THE DEFENDANT:  Yes, sir.

24     THE COURT:  Okay.  This is the statutory penalty

25  range you face for the charge that you plea -- you're

1  pleading guilty to.

2          On Count 1, you face a mandatory minimum of 10

3  years in prison, up to life in prison.  You face a

4  mandatory minimum -- this is all by statute -- of five

5  years of supervised release, up to life of supervised

6  release, a fine not to exceed $10 million, and $100

7  special assessment.

8          Do you understand that range of punishment on

9  Count 1?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  On Count 5, this is a typo, too, in

12  your plea agreement.  It says Count 2.  It should be Count

13  5.

14          Count 5, you face a mandatory minimum of five

15  years in prison, up to life in prison, a term of

16  supervised release not to exceed five years, a fine not to

17  exceed $250,000, and $100 special assessment.

18          Do you understand that range of punishment for

19  Count 5?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  These sentences will run

22  consecutively, okay?  By law, they're going to be stacked.

23  The district judge doesn't have any discretion here.  He's

24  going to stack these sentences.  So whatever sentence you

25  receive in Count 1 will be served, then you will serve the

1 sentence that you receive in Count 2.

2 Do you understand?

3 THE DEFENDANT: Yes, sir.

4 THE COURT: Okay. And I made that correction on

5 this original.

6 MR. GARCIA: Thank you, your Honor.

7 THE COURT: Plea paperwork. All right.

8 So, Ms. Benson, the district judge, Judge Counts,

9 is going to impose a sentence after considering guidelines

10 established by the United States Sentencing Commission. A

11 range of punishment will be determined considering such

12 things as the nature and circumstances of the offense,

13 your conduct in this case, and any criminal history you

14 might have.

15 Sentencing guidelines, they're advisory only on

16 the district judge, okay? He can use them and sentence

17 you within those guidelines, but he doesn't have to. If

18 Judge Counts wanted to, he's the district judge, he could

19 sentence you to any reasonable term so long and it falls

20 within that statutory range I just went over in your case.

21 Do you understand?

22 THE DEFENDANT: Yes, sir.

23 THE COURT: Okay. Mr. Garcia and perhaps other

24 people have talked to you about the guidelines, how they

25 work.

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Might have even talked to you about

3   those factors, and then, even given you some rough

4   estimates on where you're going to fall in the guidelines,

5   and then, some sentence ranges you're looking at, and

6   that's all fine if Mr. Garcia or anybody is doing that.

7   That's fine as long as you take it for what it is and that

8   is opinions, or estimates, predictions.

9          Judge Counts is ultimately going to decide your

10  sentence, and he'll do that after he considers everything.

11  The sentence he comes up with may be in line with what

12  your lawyer's thinking, but it may not be either.  It may

13  be higher, or it may be lower, or it may be exactly what

14  they're thinking, but it will be independent.

15         Do you understand?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Okay.  There's -- as part of your

18  plea agreement, you're giving up the right to appeal your

19  sentence and conviction as well as the right to challenge

20  your sentence in any postconviction proceedings, except in

21  some limited circumstances that are set out in this plea

22  paperwork.

23         Do you understand?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Do you agree to give up that right to

1  appeal and the right to contest your conviction and

2  sentence as it's set out there in the plea paperwork?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Okay.  There's no parole in federal

5  court.  Any term of imprisonment you receive, that's the

6  time you serve less any good-time credit you might get

7  from the Bureau of Prisons.

8          Do you understand?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  And you face a term of supervised

11  release on these charges that you're pleading guilty to.

12  The way that works is, you don't serve supervised release

13  until after you complete a prison term.  While you're on

14  supervised release, there will be conditions you have to

15  follow.  If you violate those conditions or you don't

16  follow those conditions, that supervised release could be

17  revoked.  If it's revoked, you're looking at going back

18  and serving some more time in prison.

19          Do you understand?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Okay.  And although the government

22  has indicated they are not seeking any forfeiture from you

23  in this case, the indictment provides that -- and I'm

24  telling you that it alleges that you have an interest in

25  property, again, talking about the pistol, I think.

1        But to the extent there's any property that's

2  subject to the forfeiture, do you understand that if the

3  judge sentences you and orders forfeiture, that will be

4  part of your sentence?  You understand.

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  Okay.  Are you pleading guilty

7  freely, voluntarily, and with full knowledge of the

8  consequences?

9        THE DEFENDANT:  Yes, sir.

10        THE COURT:  Anybody threatened you, forced you,

11  or coerced you to plead guilty?

12        THE DEFENDANT:  No, sir.

13        THE COURT:  Other than this plea paperwork we've

14  talked about, has anybody made any other promises to you,

15  specific promises about sentences, guidelines, or anything

16  else that's causing you to plead guilty?

17        THE DEFENDANT:  No, sir.

18        THE COURT:  As part of your plea agreement, the

19  government may either recommend or not oppose the maximum

20  allowable reduction under the sentencing guidelines for

21  acceptance of responsibility.  Please keep in mind that

22  the district judge is not bound to accept any such

23  recommendation.  He does not adopt this part of your plea

24  agreement or does not sentence you within the applicable

25  guideline range, you will not have the right to withdraw

1  your guilty plea.

2          Do you understand?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Give me one second to look at this.

5  There's a -- there's a written factual basis that starts

6  on page 3 of your plea paperwork and it goes over -- it's

7  a long factual basis.  It goes over onto page 8.

8          Do you recall going over this factual basis with

9  Mr. Garcia when you reviewed your plea paperwork?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Are the facts set out in this written

12  factual basis, are they accurate, true and correct as far

13  as they apply to you?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  And these facts accurately describe

16  your conduct in the case?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  And these are the facts you're

19  pleading guilty to today.

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Mr. Garcia, would you like to waive

22  the formal reading of that?

23          MR. GARCIA:  We'll waive the formal reading, your

24  Honor.

25          THE COURT:  Thank you very much.  The Court will

waive the reading of that.

Ms. Benson, do you have any questions for me or for Mr. Garcia, your lawyer, before I take your plea?

THE DEFENDANT: No, sir.

THE COURT: Ms. Benson, how do you plead to Count 1 of your indictment, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: How do you plead to Count 5 of your indictment, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: All right, ma'am. The Court does find that you are competent to stand trial. The Court finds that you fully understand the nature of the charge and the penalties. The Court finds you understand your constitutional and statutory rights, you desire to waive them. The Court does find your plea is freely, knowingly and voluntarily made. And the Court does find there's a factual basis to support your plea.

I'll make a recommendation to the district judge that he accept your guilty plea, he accept your plea agreement, he enter a judgment of guilt against you.

Your case is going to be referred over to the probation office now. This officer here at the table, the probation officer, she's got some paperwork you're going to sign before you go back upstairs. The probation office

1    is going to prepare a report.  It's called a presentence

2    report, or a PSR.  Once it's prepared, Mr. Garcia will get

3    a copy of that.  He'll go over it with you.  If he needs

4    to file any objections or anything on your behalf, he'll

5    do that.  He won't know until he gets the report.

6              You're going to be set for a sentencing.  It's

7    going to be originally or initially set in November.

8    You're going to get -- look for a November setting on your

9    sentencing.  It will happen upstairs on the third floor.

10   There's a courtroom up there and Judge Counts will preside

11   over that sentencing.  He'll hear from Mr. Garcia, he'll

12   allow you to address the Court.  He's going to hear from

13   the government's lawyer, and then, he's going to pronounce

14   sentence, okay?  You understand how that works?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Anything, Mr. Fedock?

17             MR. FEDOCK:  Nothing further, your Honor.

18             THE COURT:  Mr. Garcia?

19             MR. GARCIA:  No, your Honor.

20             THE COURT:  All right.  Ms. Benson, I wish you

21   the best.  You're remanded to the custody of the United

22   States Marshals.  Thank you, ma'am.

23             THE DEFENDANT:  Thank you.

24             (Proceedings conclude at 10:26 a.m.)

25

REPORTER'S CERTIFICATE

I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES, ON THIS 7th DAY OF MARCH, 2022.

*Lily Iva Reznik*

~~~~~~~~~~~~~~~~~~~~~~~~
LILY I. REZNIK, CRR, RMR
Official Court Reporter
United States District Court
Austin Division
501 West 5th Street, Suite 4153
Austin, Texas 78701
(512)391-8792
SOT Certification No. 4481
Expires: 1-31-23